IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| RYAN PRICE,<br><br>        Plaintiff,<br><br>    vs.<br><br>LING LING CHENG and SARAH BAXTER,<br><br>        Defendants. | Cause No. CV 09-159-BLG-RFC-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Currently pending is Plaintiff Ryan Scott James Price's Motion for Leave to Proceed in Forma Pauperis (Court Doc. 1) and proposed Complaint. (Court Doc. 2).

I. MOTION TO PROCEED IN FORMA PAUPERIS

Price submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1) Price is required to pay the statutory filing fee of $350.00. Price has insufficient funds to pay an initial

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
TO DISMISS COMPLAINT-CV-09-00159-BLG-RFC-CSO / PAGE 1

partial filing fee but he will still be obligated to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. By separate order, the agency having custody of Price will be directed to forward payments from Price's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Price's Complaint shall be deemed filed as of the date the Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court. See Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); see also United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## II.  STATEMENT OF CASE

### A.  Parties

Price is a state prisoner incarcerated at Crossroads Correctional Center in Shelby, Montana. He names his daughter S.L.P. as an additional plaintiff. Price cannot represent anyone but himself, even his minor child. See McShane v. United States, 366 F.2d 286, 288 (9th Cir.

1966); Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."). Therefore, the Court will consider Price as the sole plaintiff in this matter.

Price provides the full name of his minor daughter in all documents filed with the Court. Pursuant to the Federal Rules of Civil Procedure, litigants are prohibited from using the full names of persons under the 18 in their documents. See Fed.R.Civ.P. 5.2(a). As such, Price's Complaint and Motion to Proceed in Forma Pauperis have been sealed. Price shall only use his daughter's initial (S.L.P.) in all future documents filed in this Court.

Price names Sarah Baxter, a "shrink" in private practice in Billings, Montana and Ling Ling Cheng as Defendants in the parties section of his Complaint. Although he lists the State of Montana; City of Missoula; United States; Billings Montana; and Does I-XX on the first page of his Complaint, he makes no allegations against these entities.

B.   Allegations

Price alleges Sarah Baxter took good money to violate a three year

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
TO DISMISS COMPLAINT-CV-09-00159-BLG-RFC-CSO / PAGE 3

old's civil and constitutional rights. He states Ms. Baxter: (1) violated her professional oaths in her court ordered report to damn him as much as possible, (2) deliberately omitted vital facts in Price's favor, and (3) helped Cheng gain full custody of his daughter even though she was an unfit mother who intends to keep his daughter in a place not in the Hague convention till she is 16 years old. He contends Baxter lied to the Missoula courts causing him to lose custody of his daughter who was then kidnaped and taken out of the country by her mother. He lists "lied to courts, fraud, false swearing, perjury, false reports to law enforcement, criminal defamation of character, slander, libel, defamation, Judges Lauden, McLean, McNeil conspired, perpetuated fraud" as additional allegations against Baxter. (Court Doc. 2–Complaint, p. 8, ¶ IV(A)(2)).

He alleges Cheng lied to the court, violated court orders, kidnaped his daughter, and took her to Taiwan.

C.  Background

Mr. Price is no stranger to this Court. He began filing lawsuits to challenge his conviction back in 2005. By way of background, Price filed a petition for dissolution of marriage from his wife Ling Ling Cheng in

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
TO DISMISS COMPLAINT-CV-09-00159-BLG-RFC-CSO / PAGE 4

February 2000. The couple had one child, S.L.P. They entered into an interim parenting plan which Price violated in October 2000 when he did not appear with his daughter at the divorce trial. The bench trial proceeded and the court granted the divorce, gave Cheng custody of S.L.P., and ordered S.L.P.'s passport returned to Cheng. Three days later, Price was arrested and S.L.P. was returned to Cheng. See State v. Price, 311 Mont. 439, 57 P.3d 42 (Mont. 2002).

On November 21, 2000, the State charged Price with custodial interference. Price pled guilty and was sentenced on July 5, 2001. Pursuant to a plea agreement, Price received a three-year deferred sentence.

Based upon other documents filed by Price, it appears Cheng left the country with S.L.P. in November 2000.

III. PRESCREENING

As Price is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Section 1915A reads in pertinent part:

The court shall review . . . as soon as practicable after

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
TO DISMISS COMPLAINT-CV-09-00159-BLG-RFC-CSO / PAGE 5

> docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) allow the Court to dismiss the complaint, before it is served upon the defendants, if it finds the complaint is "frivolous" or it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his

"entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson, 127 S.Ct. at 2200; Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting

Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).

Price's claims are barred by the applicable statute of limitations. The United States Supreme Court in the matter of Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1).

Price's allegations all arise out of him losing custody of his daughter in 2000, over nine years ago. Therefore, his claims are barred by the applicable statute of limitations.

## IV. CONCLUSION

Price failed to file his Complaint within the applicable statute of limitations. This is not a defect which could be cured by amendment. Accordingly, Price's Complaint should be dismissed with prejudice.

    A.    "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act ("PLRA") prohibits prisoners from

bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated as a "strike" under this provision because the failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 920-921, 166 L.Ed.2d 798 (2007).

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not

taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. The finding that Price failed to file within the applicable statute of limitations is so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
TO DISMISS COMPLAINT-CV-09-00159-BLG-RFC-CSO / PAGE 10

ORDER

1. Price's Motion for Leave to Proceed in Forma Pauperis (Court Doc. 1) is GRANTED.  The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is DEEMED FILED on December 15, 2009.

3. At all times during the pendency of this action, Price SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Price has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
TO DISMISS COMPLAINT-CV-09-00159-BLG-RFC-CSO / PAGE 11

RECOMMENDATION

1.  Price's Complaint should be DISMISSED for failure to file within the applicable statute of limitations.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to [Rule 58 of the Federal Rules of Civil Procedure](#).

2.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to [28 U.S.C. § 1915(g)](#) based upon Price's failure to file within the applicable statute of limitations.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to [Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure](#) that any appeal of this decision would not be taken in good faith.  Price's failure to state a claim and failure to file within the applicable statute of limitations is so clear no reasonable person could suppose an appeal would have merit.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to [28 U.S.C. § 636(b)(1)](#), the parties may serve and file

written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  This is not an appealable order and any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of December, 2009.

/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge